# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>v.<br><br>**ANDRZEJ BIENKOWSKI.**<br><br>**Defendant.** | Crim. No. 11-450-1 (WJM)<br><br><br>**RESTITUTION ORDER** |

**THIS MATTER** comes before the Court on the Government's request that Defendant be ordered to pay restitution to: (1) American Road Services Company in the amount of $109,097.15; and (2) Toyota Motor Insurance Company in the amount of $21,994.54 (collectively totaling $131,091.69), pursuant to 18 § U.S.C. 3664, *et seq*. (the "Restitution Request"). Presently, the Court will grant the Government's Restitution Request. In making this determination, the Court notes the following:

(1) On June 28, 2012, Defendant pled guilty of conspiracy to buy and sell stolen automobiles and automobile parts, contrary to 18 U.S.C. § 2321, and in violation of 18 U.S.C. § 371 (July 26, 2012 Crim. Judgment, ECF No. 16);

(2) On July 26, 2012, Defendant was sentenced to 13 months' imprisonment with three years' supervised release, with restitution to be determined at a later date (*Id*.);

(3) On February 26, 2013, the Court held a restitution hearing, and as a result, required the Government to provide additional proofs in support of its Restitution Request;

(4) Accordingly, on March 4, 2013, the Government provided supplemental documentation indicating: (i) that the amount sought in the Restitution Request is derived from the financial losses related to five specific motor vehicles (collectively "Vehicles"; individually Vehicles 1, 2, 3, 4, and 5, respectively);[1] and (ii) is derived from claims for restitution submitted by American Road Services Company and Toyota Motor Insurance Company (the "Insurers"),[2] who provided insurance to the owners of those Vehicles (the "Insured") for theft and damage to those Vehicles (Gov't Mar. 4, 2013 Supplemental Restitution Papers);

(5) That as part of his Plea Agreement, Defendant explicitly acknowledged that Vehicles 1, 2, 3, and 4 were part of a non-exclusive list of property which "constitute[s] or is derived from his commission of trafficking in certain motor vehicle or motor vehicle parts in violation of [18 U.S.C. § 2321]," *see* Plea Agreement 3, ECF No. 14 *and* Gov't Mar. 4, 2013 Supplemental Restitution Papers, and that Defendant does not contest that Vehicle 5 is similarly related to that conviction;

(6) That in support of its Restitution Request, the Government has attached certifications from representatives of the Insurers demonstrating how the Insurers calculated the amount of restitution sought for each Vehicle (the "Insurer's

---

[1] The five vehicles are more fully described in that supplemental documentation.

[2] The claims for restitution for Vehicles 1, 2, 3, and 4 were submitted by American Road Services Company; the claim for Vehicle 5 was submitted by Toyota Motor Insurance Company.

Certifications");³

(7) That for all five Vehicles, the Insurer's Certifications expressly include the claim reimbursement amount the Insurer paid to each individual Insured, as well as deductible amounts paid; and in case of Vehicles 2, 3, and 4, the salvage amounts recovered by the Insured which offset that total loss.

(8) That in Defendant's March 27, 2013 letter written in response to the Government's Supplemental Restitution Papers, Defendant asserts that the documentation submitted by the Government is insufficient to support the amount sought in its Restitution Request because it does not contain sufficient evidence – such as copies of the checks for reimbursement written to the Insureds – which adequately supports the Insurers' claimed losses.⁴ (Def.'s Mar. 27, 2013 Letter).

(9) That as a general matter: (1) victims are entitled to recover for their losses regardless of their insurance coverage; and (2) insurance companies are entitled to recover for the amounts paid on claims. *See, e.g. United States v. Searing*, 250 F.3d 665, 668 (8th Cir. 2001) (citing 18 U.S.C. §§ 3664(f)(1)(B), 3664(j)(1));

---

³ The amount of restitution sought for each Vehicle is as follows: Vehicle 1 - $45,933.45; Vehicle 2 - $19,546.98; Vehicle 3 - $22,685.54; Vehicle 4 - $20,932.08; and Vehicle 5 - $21,994.54.

⁴ Defendant also asserts, in conclusory fashion, that the Court should apportion restitution liability between himself and other unindicted co-conspirators pursuant to 18 U.S.C. § 3664(h), which states: "If the court finds that more than 1 defendant has contributed to the loss of a victim, the court may make each defendant liable for payment of the full amount of restitution or may apportion liability among the defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant." The Court finds no basis to make such a finding.

(10) That the burden of demonstrating the amount of such losses is on the Government, and any dispute regarding the proper amount is to be resolved by a preponderance of the evidence. *United States v. Vitillo*, 490 F.3d 314, 330 (3d Cir. 2007) (citing 18 U.S.C. § 3664(e)).

(11) That in light of these considerations, and based on the Government's aforementioned evidentiary submissions – which, admittedly, do not include copies of reimbursement checks sent to the Insureds, but do include certifications from representatives of the Insurers certifying the amounts paid to those Insureds based on claims they submitted for the losses incurred to their respective Vehicles – the Government has established, by a preponderance of the evidence, that the Insurers have suffered the full amount of losses sought by the Government in its Restitution Request;

Based on these considerations, the Court will grant the Government's Restitution Request. *See e.g. United States v. Danford*, 435 F.3d 682, 689 (7th Cir. 2005) (affirming district court's determination that restitution award of $1,235,464 for insurer's loss appropriate, in spite of defendant's assertion that based on jury's post-verdict finding, restitution amount should have been between $120,000 and $200,000).

**IT IS** on this 2nd day of May 2013, hereby,

**ORDERED** that the Government's Restitution Request is **GRANTED**; it is further

**ORDERED** that Defendant Andrezej Bienkowski is liable to pay restitution in the amount of $131,091.69 (comprised of: $109,097.15 to American Road Services

Company; and, $21,994.54 to Toyota Motor Insurance Company); it is further

**ORDERED** that the restitution is due immediately; it is further

**ORDERED** that Defendant participate in the Bureau of Prisons Inmate Financial Responsibility Program, and that restitution shall be paid from those funds at a rate equivalent to $25.00 every three months; it is further

**ORDERED** that in the event the entire restitution is not paid prior to the commencement of supervision, Defendant shall satisfy the amount due in monthly installments of $50.00, to commence 30 days after release from confinement;[5] it is further

**ORDERED** that payments should be made payable to the U.S. Treasury and mailed to Clerk, U.S.D.C., 402 East State Street, Rm 2020, Trenton, New Jersey 08608 for distribution to American Road Services Company and Toyota Motor Insurance Company, *pro rata*.

s/William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

---

[5] The payment schedule set forth in this Restitution Order is based on the record presently before the Court, and in light of the fact that neither party has submitted an alternative proposed payment schedule. 18 U.S.C. § 3664(f)(3). The Court reminds Defendant that he is under a continuing obligation to notify the Court and the Attorney General of any material change in his economic circumstances that may affect his ability to pay restitution. 18 U.S.C. § 3664(k).